UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-cv-1163

BRIAN THORNTON                                                  DEBTOR-APPELLANT

v.

ALEX DIGENIS                                                           APPELLEE

and

GORDON ROWE, TRUSTEE                            APPELLEE-INTERESTED PARTY

**MEMORANDUM OPINION**

Appellant-Debtor, Brian Thornton, appeals the Bankruptcy Court's order setting aside an Agreed Order which purported to sell or abandon property of the bankruptcy estate to him. Appellee, Alex Digenis, is a creditor who objected to the Agreed Order. The Bankruptcy Court agreed and set it aside.

On an appeal from a bankruptcy court, a district court applies the "clearly erroneous" standard of review to findings of fact, and reviews questions of law de novo. *In re Gardner,* 360 F.3d 551, 557 (6th Cir. 2004).

Appellant argues that the Bankruptcy Court's order to set aside was entered under somewhat false pretenses because Appellee had actual notice of the Agreed Order and could have objected at the time. This issue has arisen because the original Agreed Order was simply filed and creditors, including Appellee, were not properly noticed. The Bankruptcy Court entered the order one day after it was filed but candidly admits its mistake in this regard, as the

order did not comply with the procedural requirements of either a motion to sell or a motion to abandon, though it purported to accomplish each of these actions.

In any event, whether Appellee received actual notice is not much in dispute. Judge Stout appears to have had many questions about the validity and appropriateness of the Agreed Order. For the reasons stated in his order, Judge Stout concluded that the Agreed Order, whatever its purported purpose, should be set aside. This Court concludes that the judge was within his discretion to do so. The lower court's analysis makes clear that the standard for setting aside a final judgment under Federal Rule of Civil Procedure 60(b)(6), made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 9024, has been met with clear and convincing evidence. That Judge Stout did not explicitly state as much after detailing the myriad deficiencies with the Agreed Order and weighing the equities of setting the order aside is not reversible error.

Appellant also argues that the lower court failed to consider the consequences of setting aside the Agreed Order and failed to fashion a remedy taking these consequences into account. However, it appears that the court was well aware of the consequences and simply concluded that whatever these consequences, Appellant should have considered this possibility at an earlier time. Appellant has not disputed Judge Stout's finding that Appellant was aware of the procedural deficiencies in the Agreed Order in October 2012.

Finally, Appellant cites many misstatements of law and fact or reason enough to reverse the Bankruptcy Court order. The Court does not believe that any of these purported misstatements impact the proper result here.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the order of the Bankruptcy Court is AFFIRMED and this appeal is DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Counsel of Record